IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PERRY F. MOTOLO

    Petitioner,

v.                                             Case No. 3:23cv24709/LAC/MAL

UNITED STATES OF AMERICA, et al.

    Respondents.
_____/

## **REPORT AND RECOMMENDATION**

    Petitioner, a federal prisoner proceeding pro se, initiated this case by filing a document styled "Complaint-Civil Action" with attachments totaling approximately 115 pages in length. ECF No. 2. Petitioner's primary complaint in his submission appears to be that he has not received First Step Act (FSA) credits he claimed were due to him and he is entitled to immediate release from custody. Title 28 U.S.C. § 2241 gives this Court jurisdiction to consider such a claim. Therefore, to preserve Petitioner's rights, the complaint was docketed as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241.

    On November 20, 2023, the undersigned entered an order directing Petitioner to file an amended habeas petition on the proper court form and submit either a motion to proceed in forma pauperis or the $5.00 filing fee. ECF No. 4. Petitioner was warned that failure to timely comply with an order of the court would result in

a recommendation that this case be dismissed. Petitioner did not comply with either directive or otherwise respond.

On December 21, 2023, the Court issued an order directing Petitioner to show cause why this case should not be dismissed for his failure to comply with a court order. ECF No. 5. The order provided that the show cause order would be discharged if Petitioner complied with the November 20, 2023 order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has neither complied nor responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 9, 2024.

                        s/ *Midori A. Lowry*
                        Midori A. Lowry
                        United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.